PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BEN CARTE, | ) | CASE NO. 5:24-CV-942 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| NORFOLK SOUTHERN RAILWAY COMPANY | ) ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |
| | ) | (Resolving ECF No. 8) |

Pending before the Court is Defendant Norfolk Southern Railway Company's Motion to Dismiss Plaintiff's Complaint (ECF No. 8). Plaintiff Ben Carte responded. (ECF No. 13). Norfolk Southern replied. (ECF No. 16). For the reasons below, the Court denies Norfolk Southern's Motion to Dismiss as having been filed in contravention of the Court's Standing Order.

## I.  Background

Carte alleges that he suffers from PTSD, resulting from his service in the military for over 20 years. ECF No. 1 at PageID #: 2. After his military service, Carte became employed by Norfolk Southern. ECF No. 1 at PageID #: 2. While working, Carte was involved in an accident that resulted in a co-worker's death, which Carte alleges exacerbated his PTSD. ECF No. 1 at PageID #: 2. Carte claims that Norfolk Southern took no measures to accommodate his PTSD. ECF No. 1 at PageID #: 2. Carte also alleges that, following the fatal accident, his co-workers teased him about the accident, causing him to respond to his co-workers in a way that they found

(5:24-CV-942)

unsettling. ECF No. 1 at PageID #: 3. One of those co-workers reported to Norfolk Southern a concern that Carte was going to engage in workplace violence. ECF No. 1 at PageID #: 3. As a result of that report, Carte argues that Norfolk Southern wrongfully terminated his employment in violation of the Ohio Fair Employment Practices Act, Ohio Rev. Code § 4112.01, *et seq*. ("OFEPA").

In May 2024, Carte filed a Complaint asserting that Norfolk Southern unlawfully discriminated against him, in breach of OFEPA, due to his post-traumatic stress disability. *See* Compl. (ECF No. 1). Carte seeks damages for loss of past and future income, liquidated and punitive damages, attorney's fees, and an award for emotional distress. ECF No. 1 at PageID #: 4.

Norfolk Southern moves to dismiss the Complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), contending that Carte failed to meet the pleading requirements of Fed. R. Civ. P. 8. *See* Def.'s Mot. To Dismiss Pl.'s Compl. (ECF No. 8).

## II. Legal Standard

**A. Motion to Dismiss under Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff need

2

(5:24-CV-942)

not include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations omitted). A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it suggests more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The Court "need not accept as true a legal conclusion couched as a factual allegation or an unwarranted factual inference." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations and internal quotation marks omitted).

### III. Discussion

Norfolk Southern alleges that Carte's discrimination claim under OFEPA cannot meet Rule 8's pleading requirements, because it fails to allege that he exhausted his administrative remedies by filing a charge of discrimination with either the Equal Employment Opportunity

3

(5:24-CV-942)

Commission ("EEOC") or the Ohio Civil Rights Commission ("OCRC"). ECF No. 8 at PageID #: 49-50.

Carte responds that Norfolk Southern is wrong on both fact and law. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss (ECF No. 13). As a matter of fact, Carte explains that he exhausted his administrative remedy by obtaining a right to sue letter from the OCRC. ECF No. 13 at PageID #: 59; *see also* Exhibit A (ECF No. 13-1) at PageID #: 62-63. In support, Carte claims that even after he notified Norfolk Southern of the right to sue letter, Norfolk Southern refused to withdraw the instant motion. ECF No. 13 at PageID #: 59; *see also* Exhibit B (ECF No. 13-2) (providing correspondence of Carte sending Norfolk Southern the right to sue letter from the OCRC). As a matter of law, Carte contends that the failure to exhaust administrative remedies is an affirmative defense, and for that reason, he was not required to prove that he exhausted his administrative remedies. *See* ECF No. 13 at PageID #: 59-60.

Norfolk Southern retorts that the Court may not consider the right to sue letter, because it was not referred to in the Complaint, and even if the Court could, the letter fails to prove Plaintiff has exhausted his administrative remedies. *See* Norfolk S. Ry. Co.'s Reply in Supp. Of its Mot. to Dismiss (ECF No. 16) at PageID #: 76. Furthermore, Norfolk Southern suggests that it did not receive notice of the "underlying charge or given opportunity to respond and defend itself in the administrative process. [Carte] chose to provide this general notice with no additional documents such as the charge itself." ECF No. 16 at PageID #: 77.

A. Exhibit A – The Right to Sue Letter

"[W]hen deciding a motion to dismiss a court may consider only matters properly a part of the complaint or pleadings." *Armengau v. Cline*, 7 F. App'x 336, 343 (6th Cir. 2001). The Sixth Circuit, however, recognizes an exception, "[w]hen a court is presented with a Rule

4

(5:24-CV-942)

12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss **so long as they are referred to in the Complaint** and are central to the claims contained therein.") *Bassett v. Nat'l Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008) (emphasis added) (citation omitted).

Carte failed to attach Exhibit A to his Complaint or allege sufficient facts indicating that he filed a charge of discrimination with either the EEOC or the OCRC before filing this action. See *Eagle Trim, Inc. v. Eagle-Picher Indus., Inc.,* 205 F. Supp. 2d 746, 749 (E.D. Mich. 2002) (refusing to consider exhibits attached in plaintiffs' brief in opposition, because they were not referenced in the complaint). "[T]he purpose of a motion to dismiss is to assess the factual sufficiency of the complaint without resort to materials outside of the pleadings." *Davis v. Davis,* No. 14-5247, 2015 WL 13187145, at *2 (6th Cir. Mar. 25, 2015) (holding that the district court erred in considering information outside the pleadings).

More important, at this juncture, however, is that the Court has a Standing Order that no dispositive motion be filed without the movant certifying that it has discussed its anticipated motion with the non-movant. *See* Judge Benita Y. Pearson, *Standing Orders*, UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO, https://www.ohnd.uscourts.gov/content/judge-benita-y-pearson (last accessed Mar. 17, 2025). Had Norfolk Southern complied with the Court's Standing Order it would likely have learned of Exhibit A, the right to sue notice, before

(5:24-CV-942)

filing the motion to dismiss. This discussion had would have allowed Plaintiff to decide whether to amend the Complaint, and possibly have permitted the Court to rule on the merits.[1]

### B. Exhausting Administrative Remedies

The parties dispute whether the failure to exhaust an administrative remedy can dismiss the disability claim under OFEPA.[2]

Under OFEPA, a party must exhaust their administrative remedies before filing suit. *See* R.C. 4112.052 (requiring a party to obtain a right-to-sue letter from the OCRC or EEOC as a precondition for filing a civil action alleging an unlawful discriminatory practice); *see also Burch v. Ohio Farmers Ins. Co.*, 2023-Ohio-912, ¶ 33, 211 N.E.3d 202, 204 (5th Dist.) (clarifying that the April 15, 2021 amendment to Ohio Revised Code Chapter 4112 now requires the exhaustion of administrative remedies to bring a claim under R.C. 4112.02).

---

[1] A dismissal for failure to exhaust administrative remedies is not considered a ruling on the merits. *See Grose v. Mnuchin*, No. 18-5746, 2019 WL 7603383, at *3 (6th Cir. Sept. 27, 2019) (holding plaintiff's claims brought under Title VII and the ADEA that were dismissed for failure to exhaust administrative remedies were not ruled on the merits); *see also Blank v. Nationwide Mut. Ins. Co.*, 2024-Ohio-2500, ¶ 44, 247 N.E.3d 555, 569 (10th Dist.) (sustaining assignment of error and holding that the plaintiff could bring a R.C. 4112.02 retaliation claim in state court, despite the district court dismissing it for failure to exhaust administrative remedies, because it is not a judgment on the merits).

[2] Despite this being an action under state law, the parties only cite federal law. That said, "Ohio courts have held that, when interpreting R.C. Chapter 4112, it is appropriate to look at analogous federal statutes and case law." *Cochran v. Columbia Gas of Ohio, Inc.*, 138 Ohio App. 3d 888, 893 (2000); *see also Adkins v. Middletown*, 2025-Ohio-317, ¶ 65, 2025 WL 366391, at *12 (12th Dist.) (clarifying "[t]he Ohio Supreme Court has held that federal court opinions interpreting Title VII of the Civil Rights Act of 1964 are 'generally applicable' to cases involving alleged violations of R.C. Chapter 4112.") (citing *Plumbers & Steamfitters Joint Apprenticeship Commt. v. Ohio Civil Rights Comm.*, 66 Ohio St.2d 192, 196 (1981)).

(5:24-CV-942)

Ohio courts "have consistently held that a plaintiff's failure to allege exhaustion of administrative remedies is sufficient for dismissal."  See *State ex rel. CannAscend Ohio LLC v. Williams*, 2020-Ohio-359, ¶ 52 (10th Dist.) (affirming dismissal for failure to exhaust administrative remedies).  The Sixth Circuit has held that a "'a motion to dismiss can be premised on an affirmative defense' . . .  if the plaintiffs' complaint contains facts which satisfy the elements of the defendant's affirmative defense[.]" *Est. of Barney v. PNC Bank, Nat. Ass'n*, 714 F.3d 920, 926 (6th Cir. 2013) (affirming dismissal premised on an affirmative defense, because plaintiff pleaded facts showing the defendant was entitled to invoke the affirmative defense); *see also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009) (holding that "[t]here is no reason not to grant a motion to dismiss where the undisputed facts conclusively establish an affirmative defense as a matter of law.").

While the Complaint (without Exhibit A) may satisfy the affirmative defense of administrative exhaustion because it did not allege sufficient facts indicating that Plaintiff had filed a charge of discrimination with either the EEOC or the OCRC before filing this action, or that he had received a right to sue letter, the motion to dismiss was improvidently filed.[3]

### IV.  Conclusion

Accordingly, the Court denies the motion to dismiss as having been filed without compliance with the Court's Standing Order requiring that the movant certify that it consulted

---

[3] The record supports the Court's conclusion that the dispositive motion could have been avoided.  In Exhibit B, Plaintiff's counsel explained that the "motion to dismiss is premised on a mistake, Carte requests that Norfolk Southern withdraw its motion." ECF No. 12-2 at PageID #: 68 (showing correspondence that Plaintiff provided the right to sue letter to Norfolk Southern).  Norfolk Southern responded that it was "happy to discuss [with] you amending the complaint to include an allegation that Plaintiff exhausted his administrative remedies."  ECF No. 12-2 at PageID #: 66.

7

(5:24-CV-942)

with the nonmoving party in advance of filing.  The denial is without prejudice to the motion to being refiled, if appropriate.

    IT IS SO ORDERED.

| | |
|---|---|
| March 18, 2025 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |